| | |
|---|---|
| 1 | FDANIEL J. BRODERICK, Bar #89424<br>Federal Defender |
| 2 | DOUGLAS BEEVERS, USVI Bar #766<br>Assistant Federal Defender |
| 3 | Designated Counsel for Service<br>2300 Tulare Street, Suite 330 |
| 4 | Fresno, California 93721-2226<br>Telephone: (559) 487-5561 |

Attorney for Defendant
DENNIS NAPIER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. 1:09 MJ 00023 DLB |
| *Plaintiff,* | ) | |
| | ) | DEFENDANT'S REQUEST FOR EXPANDED |
| v. | ) | APPOINTMENT ORDER; ORDER |
| | ) | |
| DENNIS NAPIER, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

Pursuant to 18 U.S.C. § 3006A, the Office of the Federal Defender was appointed by the duty magistrate to represent the defendant on February 2, 2009, Counsel undersigned has represented Mr. Napier since that time.

On February 13, 2009, the Defendant moved the Court pursuant to Rule 41(g) for an order returning 10 firearms on the ground that they are not contraband nor evidence, since the defendant is not a prohibited possessor. On February 18, 2009, Defendant filed a written motion pursuant to Fed. R. Crim. P. 41(f) for return of the firearms.

The United States has advised that the B.A.T.F. intends to seek civil forfeiture of the firearms, although the United States is planning to dismiss the criminal case without prejudice.

18 U.S.C. §3006A(c) states that appointed counsel's representation should continue through every stage of the proceeding, "including ancillary matters appropriate to the proceedings." 18 U.S.C. §983(b)(1)(A) states:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title [18 U.S.C. § 3006A] in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

Defense counsel believes that his involvement in the civil case is necessary to protect Mr. Napier's Sixth Amendment right to counsel in this criminal case, because the two matters are factually intertwined. The key issue in the civil forfeiture case would be the purely legal issue of whether Mr. Napier is a prohibited possessor which is exactly the same issue in instant case and the pending Rule 41(f) motion.

Defense counsel assigned to this case has several years of civil litigation experience in federal courts, so expanding the scope of representation will not be a burden.

Accordingly, the defendant respectfully asks this Court to authorize the Federal Defender's Office to represent him in all civil forfeiture proceedings related to this case.

Dated: February 18, 2009

          Respectfully submitted,

          DANIEL J. BRODERICK
          Federal Defender

By: /s/ Douglas Beevers
     DOUGLAS BEEVERS
     Assistant Federal Defender
     Attorney for Defendant
     DENNIS NAPIER

O R D E R

Pursuant to 18 U.S.C. § 3006A(c) and 18 U.S.C. §983(b)(1)(A), this Court approves the expansion of the order appointing counsel to represent DENNIS NAPIER to include representation in all civil forfeiture proceedings related to the pending criminal charges.

Dated: March 4, 2009

     /s/ Sandra M. Snyder
     Hon. Sandra M. Snyder
     U.S. Magistrate Judge